This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38939**

**COUNTY COMMISSIONERS**
**OF ROOSEVELT COUNTY,**

Plaintiff-Appellee,

v.

**MANUEL PEREZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Donna J. Mowrer, District Judge**

Randy J. Knudson
Portales, NM

for Appellee

Harmon Barnett Morris, P.C.
Jared Morris
Clovis, NM

for Appellant

**MEMORANDUM OPINION**

**IVES, Judge.**

**{1}**     Defendant appeals from the district court's order awarding Plaintiff attorney fees. This Court entered a calendar notice proposing to summarily affirm. Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}**     Defendant continues to argue that the district court improperly awarded Plaintiff attorney fees because only the Legislature or the courts "have the exclusive authority over an award of attorney[ ] fees in a [c]ivil [a]ction." [MIO 3] Defendant asserts that this

Court's proposed summary disposition was in error because "an ordinance prescribing attorney fees in a civil case must be explicitly or implicitly authorized, not explicitly or implicitly prohibited." [MIO 4] Defendant specifically argues that this Court's calendar notice was in error because it does not explain "how a [s]tatute that authorizes an award of the costs of prosecution (in a criminal proceeding) if an individual obstructs a public roadway . . . somehow implicitly provides the authority for counties to enact ordinances allowing them to recover attorney fees in civil actions for damage to county roads." [MIO 4]

**{3}** As we stated in the calendar notice, "[a]ll counties are granted the same powers that are granted municipalities except for those powers that are inconsistent with statutory or constitutional limitations placed on counties[,]" and "[t]he board of county commissioners may make and publish any ordinance to discharge these powers *not inconsistent with statutory or constitutional limitations placed on counties*." [CN 2] NMSA 1978, § 4-37-1 (1975) (emphasis added). In fact, "our Supreme Court articulated the test for determining whether an inconsistency exists as 'whether the ordinance permits an act the general law prohibits, or vice versa.' " *New Mexicans for Free Enter. v. City of Santa Fe*, 2006-NMCA-007, ¶ 39, 138 N.M. 785, 126 P.3d 1149 (citing *Bd. of Comm'rs of Rio Arriba Cnty. v. Greacen*, 2000-NMSC-016, ¶ 16, 129 N.M. 177, 3 P.3d 672). "If an ordinance merely complements a statute, instead of being 'antagonistic' to it, it is not in conflict with state law." *New Mexicans for Free Enter.*, 2006-NMCA-007, ¶ 39.

**{4}** We are not persuaded by Defendant's contention that the ordinance in this case awarding attorney fees must be explicitly or implicitly authorized by statute or case law, as he has failed to cite any authority supporting this proposition. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists.").

**{5}** Instead, Section 4-37-1 and our case law authorize counties to make and publish any ordinance to discharge their powers as long as the ordinance is not inconsistent with New Mexico law. *See New Mexicans for Free Enter.*, 2006-NMCA-007, ¶ 39. Furthermore, Defendant has failed to provide any authority in his docketing statement or in his memorandum in opposition demonstrating that the ordinance awarding attorney fees in this case permits an act that the general law prohibits. *See id.*; *see also Curry*, 2014-NMCA-031, ¶ 28. We therefore conclude that Defendant has failed to demonstrate that the district court abused its discretion in awarding Plaintiff attorney fees. *See Cobb v. Gammon*, 2017-NMCA-022, ¶ 60, 389 P.3d 1058 ("We review an award of attorney[] fees for abuse of discretion."); *see also Corona v. Corona*, 2014-NMCA-071, ¶ 26, 329 P.3d 701 ("The appellate court presumes that the district court is correct, and the burden is on the appellant to clearly demonstrate that the district court erred.").

**{6}** For the reasons stated above and in our notice of proposed summary disposition, we affirm.

**{7}** **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**SHAMMARA H. HENDERSON, Judge**